IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NAZARETH INTERNATIONAL, INC., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | Civil Action No. 3:04-CV-1265-M |
| J.C. PENNEY CORPORATION, INC., | § | |
| f/k/a J.C. PENNEY COMPANY, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Partial Motion to Dismiss Certain Claims and For Sanctions of Defendant J.C. Penney Corporation, Inc., f/k/a J.C. Penney Company, Inc. ("J.C. Penney"), filed on March 3, 2005. For the reasons described below, Defendant's Motion to Dismiss is **DENIED** and Defendant's Motion for Sanctions is **DENIED**.

**I. BACKGROUND**

Plaintiff Nazareth International, Inc., ("Nazareth") is an apparel manufacturing company. Plaintiff and Defendant entered into a Trading Partner Agreement ("TPA"), which governs the use of electronic technology to facilitate Plaintiff's agreement to supply merchandise to the Defendant for sale in its retail stores. Plaintiff delivered to the Defendant several shipments of apparel, which are valued by the Plaintiff at more than $750,000. Plaintiff alleges that the Defendant is improperly withholding payment of $360,752.84. Plaintiff's suit asserts contractual

and tort claims, stemming from the dispute over payment for this merchandise.

On January 19, 2005, this Court issued a Memorandum Opinion and Order ("January 19 Opinion"), which granted in part and denied in part Defendant's previous Motion to Dismiss. As allowed by the January 19 Opinion, Plaintiff filed its Second Amended Complaint on February 8, 2005, re-alleging several claims which this Court had found to be insufficiently pled. Defendant filed the instant Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(6) and 9(b), seeking to dismiss Plaintiff's fraud and negligent misrepresentation claims, arguing that Plaintiff still has not properly pled those claims, and seeking sanctions.[1]

## II. ANALYSIS

Federal Rule of Civil Procedure 9(b) requires that allegations of fraud be pled with greater specificity than is required for other types of claims. "Rule 9(b) has four purposes: to ensure that the defendant has sufficient information to formulate a defense by having notice of the conduct complained of; to protect defendants against frivolous suits; to eliminate fraud actions in which all the facts are learned after discovery; and to protect defendants from undeserved harm to their goodwill and reputation." *United States ex rel. Wilkins v. North Am. Constr. Corp.*, 173 F. Supp. 2d 601, 614 (N.D. Tex. 2001) (citing *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999)); *see also Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992). The Defendant claims that Plaintiff has not pled its claim for fraud or negligent misrepresentation with sufficient particularity. Rule 9(b) requires that the

---

[1] Plaintiff re-alleged its conversion claim in the Second Amended Complaint, however, it has since withdrawn that cause of action.

Complaint state "the who, what, when, and where" of the alleged fraud. *Williams v. WMX Techs.*, 112 F.3d 175, 178 (5th Cir. 1997). In other words, "to plead fraud with particularity a plaintiff must include the 'time, place and contents of the false representations, as well as the identity of the person making the misrepresentations and what [the defendant] obtained thereby.'" *United States ex rel. Barrett v Johnson Controls, Inc.*, No. 3:01-CV-1641-M, 2003 U.S. Dist. LEXIS 5973, at *32 (N.D. Tex. Apr. 9, 2003) (citing *United States ex rel. Russell v. Epic Healthcare Mgt. Group*, 193 F.3d 304, 308 (5th Cir. 1999)). Further, courts are required to "apply the rule with force, without apology." *Williams*, 112 F.3d at 178.

The Defendant has also moved to dismiss Plaintiff's negligent misrepresentation and fraud claims for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A cause of action should be dismissed under Rule 12(b)(6) only if there is no possible set of facts upon which a plaintiff could prevail on that cause of action. *United States ex rel. Bain v. Ga. Gulf Corp.,* 386 F.3d 648, 653 (5th Cir. 2004). In deciding a 12(b)(6) motion, the court, "accepts all well-pleaded allegations as true, and views them in the light most favorable to the plaintiff." *Davis v. Blockbuster, Inc.*, No. 3:04-CV-2393-M, 2005 U.S. Dist. LEXIS 2100, at *3 (N.D. Tex. Feb. 14, 2005) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)). The court "will not strain to find inferences favorable to the plaintiffs and will not accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips,* 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)). The Court does not evaluate the Plaintiff's likelihood of success; instead, it only determines whether the Plaintiff has stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370,

376 (5th Cir. 2004). Finally, the Defendant seeks sanctions under Federal Rule 11 because the Second Amended Complaint did not plead with sufficient particularity.

**A. RULE 9(B)**

Defendant alleges that Plaintiff's fraud claim fails to meet the requirements of Rule 9(b). In support of its fraud claim, Plaintiff alleges that during a telephone conversation on July 10, 2002, Aaron Bonham, a J.C. Penney buyer, orally promised Sandy Menichelli, Plaintiff's Chief Financial Officer, that Defendant would limit its chargebacks against future shipments, for late shipments or deficient UPS labels to 5 % of invoice, and waive any other chargebacks. Second Am. Compl. ¶ 19. The TPA lists a number of situations where Defendant "may, in lieu of requesting a refund or reimbursement from [Plaintiff], issue a chargeback against [Plaintiff's] account for the purchase price of . . . Merchandise, plus any Ancillary Costs and any other related costs and expenses of [Defendant] or any Reseller Purchaser for which [Plaintiff] is responsible hereunder." *Id.* Ex. 1 at 000086. Plaintiff contends that Bonham's oral statement, limiting Defendant's ability to issue chargebacks, fraudulently induced the Plaintiff to manufacture and ship goods to the Defendant. *Id.* Plaintiff avers that Bonham either knew his statement was false or made it recklessly without knowledge of its veracity. *Id.*

To satisfy Rule 9(b), Plaintiff must state the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Hollywood Casino Corp. v. Simmons*, No. 3:02-CV-0325-M, 2002 U.S. Dist. LEXIS 13182, at *5 (N.D. Tex. July 18, 2002). The Court finds that Plaintiff's allegation of the

conversation between Menichelli and Bohnam is sufficiently detailed and thus, meets the requirements of Rule 9(b). Therefore, the Court DENIES Defendant's Motion to Dismiss Plaintiff's fraud claim under Rule 9(b).

Defendant also avers that Plaintiff's claim for negligent misrepresentation must be dismissed because it fails to satisfy Rule 9(b). This Rule has been applied to negligent misrepresentation claims by the Fifth Circuit in several cases. *See Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003); *Williams*, 112 F.3d at 177; *Shushany v. Allwaste, Inc.,* 992 F.2d 517, 520 n. 5 (5th Cir. 1993). In applying those cases, this Court has found "the heightened pleading requirements of Rule 9(b) [apply] when the claim for negligent misrepresentation arises from the same set of operative facts as a corresponding claim of fraud." *Daldav Assocs., L.P. v. Lebor*, No. 3:02-CV-2697-P, 2004 U.S. Dist. LEXIS 27583, at *16 (N.D. Tex. Mar. 25, 2004) (Solis, J.). However, a recent unpublished Fifth Circuit case has held otherwise. *Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 Fed. Appx. 662, 668-69 (5th Cir. 2004) (reversing a dismissal of a negligent misrepresentation claim under Rule 9(b) and distinguishing *Benchmark, Williams,* and *Sushany*).

In *American Realty,* the Court found that in *Benchmark, Williams,* and *Sushany* the plaintiffs waived the argument that Rule 9(b) did not apply. *Id.* The Court then explained that

> Rule 9(b) is an exception to the liberal federal court pleading requirements embodied in Rule 8(a). Rule 9(b)'s stringent pleading requirements should not be extended to causes of actions not enumerated therein. Accordingly, plaintiff's negligent misrepresentation claims are only subject to the liberal pleading requirements of Rule 8(a).

*Id*. However, that is not the end of the inquiry because "many complaints state the elements of nonfraud claims such as negligent misrepresentation by reference to factual allegations – or

-5-

'averments' – that also form the basis of fraud claims." *Am. Realty Trust, Inc. v. Travelers Cas. & Sur. Co. of Am.*, 362 F. Supp. 2d 744, 749 (N.D. Tex. 2005). This is important because "Rule 9(b) makes no mention of negligent misrepresentation or any other cause of action. [It] provides that 'in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.' By its express terms, Rule 9(b) only applies to 'averments' – allegations of fraud." *Infomart (India), PVT, LTD., v. Metrowerks Corp.,* No. 3:04-CV-1299-N, 2005 U.S. Dist. LEXIS 11095, at *15 (N.D. Tex. Feb. 7, 2005) (quoting Fed. R. Civ. P. 9(b)). Therefore, where there are averments of fraud, they must be examined to see if they meet the requirements of Rule 9(b).

> [Rule 9(b)] applies not to claims per se, but to 'averments' of fraud. If such an averment is inadequate, then the court disregards it when determining whether a claim is stated. In other words, the inadequate averment is 'stripped from the claim.' When fraud is an element of the claim, inadequate averments necessarily result in dismissal. When fraud is not an element, as in the case of negligent misrepresentation, the inquiry is more complicated. One must first disregard inadequate averments of fraud. At that point, Rule 9(b) is no longer relevant. The remaining question is whether a negligent misrepresentation claim is stated under the standard notice pleading principles applicable to such claims.

*Travelers Cas. & Sur. Co. of Am.*, 362 F. Supp. 2d at 751 (citing *In re Nationsmart Corp Securities Litig.*, 130 F.3d 309, 315 (8th Cir. 1998)).

Thus, the rule has emerged that Plaintiff's claim must be dismissed if "the inadequate fraud averment is so intertwined with the negligent misrepresentation claim that it is not possible to describe a simple redaction that removes the inadequate fraud averment while leaving behind a viable negligent misrepresentation claim." *Kougl v. Xspedius Mgmt. Co. of Dallas/Fort Worth, L.L.C.,* No. 3:04-CV-2518-D, 2005 U.S. Dist. LEXIS 10557, at *21-22 (N.D. Tex. June 1, 2005) (citing *Travelers Cas. & Sur. Co. of Am.*, 362 F. Supp. 2d at 752). Here, Plaintiff's negligent

misrepresentation claim is based on the same factual allegations as the fraud claim. Second Am. Compl. ¶ 20, 21. Plaintiff claims that "Defendant made representations to the Plaintiff in the course of the Defendant's business or in a series of transactions [in] which the Defendant had a pecuniary interest." *Id.* at 21. Plaintiff argues that these "representations" are fraudulent. *Id.*; Pl. Resp. Br. ¶ 13, 14. Therefore, Plaintiff's averment of fraudulent representations must be examined pursuant to 9(b), and any inadequately pled averments must be stripped from the Second Amended Complaint.

The Court previously dismissed Plaintiff's negligent representation claim for failure to meet the standards of Rule 9(b). Plaintiff's Second Amended Complaint asserts an almost verbatim copy of the previous claim with the only change being the addition of the phrase "for the purchase and shipment of goods." In the January 19 Opinion, the Court dismissed the claim because the Plaintiff did not specifically identify the misrepresentations complained of in its negligent misrepresentation claim. *Nazareth Int'l, Inc. v. J.C. Penney Co.*, No. 3:03-CV-1265-M, 2005 U.S. Dist. LEXIS 12608, at *7 (N.D. Tex. Jan. 19, 2005). Plaintiff's negligent misrepresentation claim continues to refer to Defendant's representations without clearly identifying what statements it believes are improper. However, the negligent misrepresentation claim incorporates the fraud claim. Second Am. Compl. ¶ 20. Unlike the negligent misrepresentation claim, the fraud claim was significantly altered from the previous version of the Complaint, and the current version of the fraud claim specifically identifies the alleged July 10 statement as the statement that Plaintiff claims to be fraudulent. The Court finds that the negligent misrepresentation claim complains of Bonham's alleged July 10 statement. Thus, the negligent misrepresentation claim survives the Rule 9(b) challenge because the Plaintiff's

allegations of Bonham's July 10 statement are sufficiently detailed.

Plaintiff has met its burden and therefore, Defendant's Motion to Dismiss Plaintiff's negligent misrepresentation claim pursuant to Rule 9(b) is **DENIED**.

B. RULE 12(B)(6)

Defendant has also moved to dismiss Plaintiff's fraud and negligent misrepresentation claims for failure to state a claim upon which relief may be granted. Defendant argues that Plaintiff's negligent misrepresentation claim is time barred and legally untenable because Defendant had no duty to the Plaintiff and the Plaintiff could not have justifiably relied on the alleged misrepresentation. Defendant contends that Plaintiff's fraud claim fails due to a lack of reasonable reliance and the economic loss rule.

A two-year statute of limitations applies to Plaintiff's negligent misrepresentation claim. *Martin v. N. Tex. Healthcare Network*, No. 3:04-CV-1684-M, 2005 U.S. Dist. LEXIS 4186, at *16 (N.D. Tex. Mar. 16, 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 570 (5th Cir. 2003)). This is true because "[n]egligent misrepresentation is properly identified as being a claim sounding in negligence rather than fraud [and in Texas the] two-year statute of limitations, applies to causes of action for negligence." *Tex. Am. Corp. v. Woodbridge Joint Venture*, 809 S.W.2d 299, 303 (Tex. App. – Fort Worth 1991, writ denied) (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon 1991)). Plaintiff alleges that Bonham made statements to Menichelli on July 10, 2002. Second Am. Compl. ¶ 9. Plaintiff did not assert a negligent misrepresentation claim until August 9, 2004, when Plaintiff filed its First Amended Complaint.

Thus, more than two years had elapsed and the statute of limitations had run.  The issue is whether Plaintiff's negligent misrepresentation claim relates back to the filing of its Original Complaint on June 10, 2004.  If it does the claims is not time barred.

Under Federal Rule of Civil Procedure 15(c)(2), an amendment may receive the benefit of the filing date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  In determining whether a new claim may relate back, "the focus is 'not . . . the caption given a particular cause of action, but . . . the underlying facts upon which the cause of action is based.'" *Johnson v. Crown Enters.*, 398 F.3d 339, 342 (5th Cir. 2005) (citing *Watkins v. Lujan*, 922 F.2d 261, 265 (5th Cir. 1991)) (alterations in original).  Relation back "'does not extend the limitations period, but merely recognizes that the purposes of the statute are accomplished by the filing of the initial pleading.'" *Kansa Reinsurance Co. v. Cong. Mortgage Corp.*, 20 F.3d 1362, 1367 (5th Cir. 1994) (quoting *Am. Tel. & Tel. Co. v. Delta Communications Corp.*, 114 F.R.D. 606, 612 (S.D.Miss. 1986)).  This is true because "'[t]he purpose of the rule is accomplished if the initial complaint gives the defendant fair notice that litigation is arising out of a specific factual situation.'" *Johnson*, 398 F.3d at 342 (quoting *Longbottom v. Swaby*, 397 F.2d 45, 48 (5th Cir. 1968)).

Plaintiff's Original Complaint alleged breach of contract, conversion, and fraud.  Significantly, the prayer for damages sought damages for "Defendant's breach of contract, fraud, *negligent misrepresentations*[,] and conversion." Compl. ¶ 27 (emphasis added).  The Original Complaint also alleged that "[a]s a condition to Plaintiff's agreeing to ship apparel to Defendant[], Defendant[] had agreed to waive certain penalties." *Id.* ¶ 27.  Though this

Complaint was vulnerable to a challenge under Rule 9(b), the Court finds that Plaintiff "set forth or attempted to . . . set forth" facts concerning the "conduct, transaction, or occurrences" complained of in the current negligent misrepresentation claim. *See* Fed. R. Civ. P. 15(c)(2). Thus, the Court finds that Plaintiff's negligent misrepresentation claim was timely filed due to the application of the relation back principle.

Defendant also avers that Plaintiff's negligent misrepresentation claim fails because Defendant owed no duty to Plaintiff. In Texas, the "elements of a negligent misrepresentation claim are as follows: (1) the defendant made a representation in the course of its business, or in a transaction in which it had a pecuniary interest; (2) the defendant supplied false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation." *Lennar Corp. v. Great Am. Ins. Co.*, No. 14-02-00860-CV, 2005 WL 1324833, at *30 (Tex.App.-Houston [14 Dist.] June 2, 2005, no pet. h.) (citing *Roof Sys., Inc. v. Johns Manville Corp.,* 130 S.W.3d 430, 438 (Tex.App.–Houston [14th Dist.] 2004, no pet.)). The Texas Supreme Court has held that "[n]egligent misrepresentation implicates only the duty of care in supplying commercial information; honesty or good faith is no defense." *D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.*, 973 S.W.2d 662, 664 (Tex. 1998).

Defendant alleges that this duty only applies where "the defendant is in the business of giving guidance to others in their business transactions." Mot. Dismiss at 17. Courts in Texas have found this duty to exist in numerous situations, all of which involved a defendant in a position of trust. *McCamish v. F. E. Appling Interests*, 991 S.W.2d 787, 791 (Tex. 1999)

(collecting cases where such a duty was found to apply to auditors, physicians, real-estate brokers, securities placement agents, accountants, surveyors, title insurers, and attorneys). However, "[e]ven without a special relationship, there is always a duty to correct one's own prior false or misleading statement." *Trustees of the Northwest Laundry & Dry Cleaners Health & Welfare Trust Fund v. Burzynski*, 27 F.3d 153, 157 (5th Cir. 1994). Plaintiff alleges that Bonham informed Menichelli that Defendant would waive a number of the chargebacks provided by the TPA, and that he did so without exercising reasonable care and competence. Am. Compl. ¶ 21. If Plaintiff's allegation can be proven, then Defendant would have had a duty to correct what it had represented to the Plaintiff. Thus, Plaintiff has sufficiently alleged that Defendant had a duty to the Plaintiff.

Defendant argues that Plaintiff's fraud and negligent misrepresentation claims should be dismissed because Plaintiff could not have reasonably relied on Bonham's statement, because the statement was made after the parties had signed the TPA. Plaintiff contends that it could rely on Bonham's statements because the parties actually entered into a series of wholesale contracts and that Bonham's statement induced it to enter into new wholesale contracts after the TPA, which it was not obligated to do. Plaintiff's Response notes that the TPA was "silent as to the issue of chargebacks." Pl. Resp. Br. ¶ 8. In actuality however, the TPA contains "Terms and Conditions of Penney's Standard Domestic Wholesale Contract/Listing Sheet Forms" which are identical to the provisions in the Wholesale Contracts.[2]  Second Am. Compl. Ex. 1. at 000084. Both

---

[2] In determining this Motion, the Court must decide whether to examine the documents attached to Plaintiff's Response. "In deciding a motion to dismiss, the court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." *Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) (citing

documents contain identical provisions stating that "[t]he waiver of any provision in this Contract shall be effective against Penney only if such waiver is in writing signed by the responsible Penney Merchandise Manager or one of his/her superiors and then only in the specific instance and for the particular purpose for which it was given."

Plaintiff's burden at this stage of the litigation is only to plead 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002) (citing FED. R. CIV. P. 8(a)(2)). Plaintiff has alleged that it did rely on Bonham's statement. In this case, the determination of whether Plaintiff's reliance on that statement was reasonable will require a fact intensive examination, and such an examination is improper at this stage. It is possible for Plaintiff to prove some set of facts that would allow it to establish that it had reasonably relied on Bonham's statement. Thus, the Court finds that Plaintiff has sufficiently alleged that it reasonably relied on Bonham's alleged misrepresentations. Therefore, the Court will not dismiss Plaintiff's fraud and negligent misrepresentation claims on this ground.

Defendant also seeks dismissal of Plaintiff's fraud and negligent misrepresentation claims based on the economic loss rule. Defendant contends that Plaintiff's alleged injury results from a breach of contract and as such, it sounds only in contract. The economic loss rule is defined as

---

*Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996)). However, the Court may refuse to consider any documents extrinsic to the complaint. *See e.g., Duplessie v. Zale Corp.,* 3:04-CV-2361-M, 2005 U.S. Dist. LEXIS 9446, at *5 n. 1 (N.D. Tex. May 18, 2005) (refusing to consider an affidavit attached to plaintiff's response). In this case, the Court will not consider the affidavit attached to Plaintiff's Response, but it will consider the Specimen Wholesale Contract, which is identical to a document attached to Plaintiff's Amended Complaint.

"the principle that a plaintiff cannot sue in tort to recover for purely monetary loss – as opposed to physical injury or property damage – caused by the defendant." *Total Clean, LLC v. Ondeo Nalco Co.*, No. SA-02-CA-0334-RF, 2003 U.S. Dist. LEXIS 12275, at *10 (W.D. Tex. Apr. 16, 2003) (quoting BLACK'S LAW DICTIONARY (7th ed. 1999)). In *Southwestern Bell Telephone Co. v. Delanney*, the Texas Supreme Court explained that to determine whether the economic loss rule bars recovery in tort, a court should examine the source of the duty breached. 809 S.W.2d 493, 494 (Tex. 1991). As a general rule, "when the injury is only the economic loss to the subject of a contract itself the action sounds in contract alone." *Id*. at 495. If, however, the duty exists separate and independent from the contract, then the claim may also sound in tort. *Id.* Additionally, a court should examine the nature of the injury. *Id.* If the injury is the economic loss to the subject matter of the contract only, then the claim typically sounds in contract alone. *Id.* at 494-95. Thus, "the independent injury doctrine will preclude a tort cause of action if 1) the claim is for breach of duty created solely by contract rather than a duty imposed by law, and  2) the injury is only the economic loss to the subject of the contract itself." *Eastman Chem. Co. v. Niro, Inc.*, 80 F. Supp. 2d 712, 717 (S.D. Tex. 2000).

"Texas law has long imposed a duty to abstain from inducing another to enter into a contract through the use of fraudulent misrepresentations . . . . [This] legal duty . . . is separate and independent from the duties established by the contract itself." *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contrs.*, 960 S.W.2d 41, 46 (Tex. 1998). Thus, in Texas "tort damages are recoverable for a fraudulent inducement claim irrespective of whether the fraudulent representations are later subsumed in a contract or whether the plaintiff only suffers an economic loss related to the subject matter of the contract." *Id.* at 47. Accordingly, because Plaintiff could

possibly prove facts to support a fraudulent inducement claim, Defendant is not entitled to dismissal of the fraudulent inducement claim on this ground.

Unlike fraudulent inducement, negligent misrepresentation requires proof of an injury independent of the contract. *D.S.A.*, 973 S.W.2d 662. In *D.S.A.,* the Texas Supreme Court explained that Texas has adopted the independent injury requirement of section 552B of the Restatement (Second) of Torts for claims of negligent misrepresentation. *Id.* at 663-64 (citing *Federal Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442-43 (Tex. 1991)). Under section 552B, a plaintiff may recover out-of-pocket and consequential damages for negligent misrepresentation, but the economic loss to the subject matter of the contract is not recoverable. *Id.* at 663 ("Unlike fraudulent inducement, the benefit of the bargain measure of damages is not available for a claim of negligent misrepresentation."). Thus to recover for a claim of negligent misrepresentation, an injury independent from the subject matter of the contract must be proven.

Here Plaintiff alleges that as a result of Bonham's alleged misrepresentation its letters of credit were revoked, it became unable to take new orders or fulfill previously placed orders, it was forced to terminate key employees, and ultimately its business was destroyed. Second Am. Compl. ¶ 13, 14. It is possible for Plaintiff to prove that these alleged injuries are independent from the subject matter of the contract. As established above, Plaintiff has alleged facts to support a claim that Defendant had a duty to correct what it had previously represented to the Plaintiff. Thus, the Court finds that Plaintiff has sufficiently alleged the existence of an injury and a duty independent from the subject matter of the contract. Therefore, the Court will not dismiss Plaintiff's negligent misrepresentation claim on this ground.

### C. SANCTIONS

Defendant requests that Plaintiff be sanctioned under Rule 11.  The Court does not believe sanctions are warranted in this case.  Therefore, Defendant's Motion for Sanctions is **DENIED**.

## III. CONCLUSION

For the reasons described above, Defendant's Motion to Dismiss is **DENIED** and Defendant's Motion for Sanctions is **DENIED**.

**SO ORDERED.**

July 19, 2005.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS